UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JERRY SMITH and BRENDA SMITH,     :
             Plaintiffs,        :
                           :
v.                         :     **MEMORANDUM OPINION**
                           :     **AND ORDER**
JAY BRAY, SHELLEY TREVINO, CHRIS   :
HUBBERT, LESLIE MAXWELL, RHONDA  :     15 CV 616 (VB)
McDONALD, SARAH STONEKING,      :
NATIONSTAR MORTGAGE LLC, FIRST   :
HORIZON HOME LOANS, and BRYAN    :
JORDAN,                       :
             Defendants.    :
--------------------------------------------------------------x

Briccetti, J.,

       Plaintiffs Jerry and Brenda Smith, proceeding pro se, bring this action alleging defendant

Nationstar Mortgage, LLC ("Nationstar"), failed to apply a portion of plaintiffs' mortgage

payments toward plaintiffs' mortgage loan.[1]

       Nationstar and previously-dismissed defendants removed the case from Supreme Court,

Westchester County, to this Court on January 28, 2015.  (Doc. #1).

       Three motions are pending before the Court.

       First, Nationstar moves for summary judgment on the breach of contract claim.

(Doc. #36).

       Second, plaintiffs move to "Dismiss Defendants' Removal of Plaintiffs' [L]awsuit to

[D]istrict [C]ourt."  (Docs. ##45, 47).  The Court construes this as a motion to remand.

       Third, with their opposition to the motion for summary judgment (Doc. #56), plaintiffs

ask the Court to reconsider its June 25, 2015, Memorandum Decision granting in part

---

[1]     In a Memorandum Decision dated June 24, 2015 (Doc. #20), the Court considered and
dismissed all claims in the complaint except a claim the Court construed as a breach of contract
claim.  Nationstar is the only remaining defendant.

defendants' motion to dismiss.  (Doc. #20).  The Court construes this as a motion for reconsideration.

For the reasons discussed below, the motion to remand is DENIED, the motion for summary judgment is GRANTED, and the motion for reconsideration is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

I.    Procedural History

The Court assumes familiarity with the underlying facts, which are recounted here only to the extent they are relevant to deciding the pending motions.

This case arises from a mortgage loan plaintiffs executed on August 18, 2005, for which Nationstar acquired the mortgage servicing rights in August 2011.  Plaintiffs allege Nationstar and the now-dismissed defendants altered plaintiffs' loan payment history to falsely reflect late or missing payments, and then reported plaintiffs to credit agencies.

Plaintiffs' complaint also alleges Nationstar perpetrated "[t]heft of Plaintiff[s'] money by fraud" by applying only $83,336 of plaintiffs' $92,400 in loan payments toward plaintiffs' mortgage obligations between January 1, 2012, and December 31, 2012.  (Compl. ¶¶ 78-81).

A.    Ruling on Motion to Dismiss

Defendants moved to dismiss plaintiffs' complaint on February 4, 2015.  (Doc. #5).  The Court granted the motion as to all claims except the one based on Nationstar's alleged failure to apply all of the loan payments to plaintiffs' mortgage obligations.  (Doc. #20).  Although pro se plaintiffs pleaded this as grounds for a fraud claim, the Court liberally construed this claim as a breach of contract claim instead, because the complaint did not allege plaintiffs had reasonably relied on any defendant's misrepresentations.

B.    Removal Dispute

Plaintiffs originally filed this case in Supreme Court, Westchester County, on December 22, 2014.  Defendants timely removed the case to this Court on January 28, 2015.  (Doc. #1). Both plaintiffs appeared in this case on February 19, 2015.  (Doc. #14).

There has been some dispute as to when plaintiffs first received the Notice of Removal, because Nationstar did not file an affidavit of service on the docket.  In a letter dated December 17, 2015 (Doc. #34), plaintiffs requested a pre-motion conference to discuss making a motion to remand.  Plaintiffs claimed they were never served with the Notice of Removal, and argued both the failure to serve them and the failure to file the affidavit of service warranted remand.

The Court held an on-the-record pre-motion conference on January 13, 2016, to discuss plaintiffs' proposed motion to remand.  At that conference, plaintiff Jerry Smith produced a physical copy of the Notice of Removal, which he admitted receiving.  (Doc. #43).  Attached to this copy of the Notice of Removal was an affidavit of service indicating plaintiffs had been served by mail on January 30, 2015, two days after it was filed.  (Id.)  Accordingly, the Court found plaintiffs were timely and properly served with the Notice of Removal.  (Id.).

II.    Pending Motions

A.    Motion for Summary Judgment

On January 4, 2016, Nationstar moved for summary judgment on two grounds: (i) plaintiffs disavowed the breach of contract claim in their depositions; and (ii) Nationstar credited each of plaintiffs' mortgage payments to plaintiffs' account.  (Docs. ##36, 41).

Plaintiffs initially filed no opposition to the summary judgment motion.  By Order dated February 26, 2016 (Doc. #54), the Court sua sponte extended plaintiffs' time to oppose the motion from February 9 to March 11, 2016.

3

On March 7, 2016, plaintiffs filed "Plaintiffs' Opposition to Defendants' [M]otion [t]o Dismiss Complaint."  (Doc. #56, hereafter "Pls.' Opp. Br.").  The first sentence states "Jerry Smith and Brenda Smith will not submit opposition to Defendants' motion to dismiss filed on January 4, 2016, but would respect[]fully [ask] that the [C]ourt shall re[-]consider Plaintiffs['] opposition to D[]efendants['] [M]otion to Dismiss [d]ated February 4, 2015."  (Pls.' Opp. Br. at 1).  Plaintiffs' opposition repeatedly disavows the contract claim.[2]

The rest of plaintiffs' opposition argues the Court was wrong to dismiss all but the breach of contract claim,[3] and does not address Nationstar's contention that it applied all of plaintiffs' mortgage payments to plaintiffs' account.

B.    Motion to Remand

On February 4, 2016, plaintiffs moved to "Dismiss Defendants' Removal of Plaintiffs' [L]awsuit to [D]istrict [C]ourt."  (Docs. ##45, 47).  The Court construes this as a motion to remand to state court.  Plaintiffs no longer argue they were never served with the Notice of Removal.  Rather, they contend remand is warranted because an affidavit or certificate of service of the Notice of Removal was never filed on the docket.

---

[2]    For example, plaintiffs' opposition states, "Plaintiffs have previously stated that no contractual relationship with Nationstar Mortgage ever existed and that no claim for breach of contract against Nationstar Mortgage w[as] ever alleged and not [sic] to impose such opposition would be cause for p[e]rjury[,]" (Pls.' Opp. Br. at 4), and "Plaintiffs made no allegation that Nationstar had a contractual relationship with the Plaintiffs and certainly never alleged that Nationstar was ever in breach of such contract."  (Id. at 5).

[3]    In essence, plaintiffs argue the Court incorrectly dismissed most of their claims because (i) defense counsel checked the wrong box under "Nature of Suit" on the civil cover sheet; (ii) defense counsel tricked the Court into dismissing a complaint from a previous, already-dismissed lawsuit instead of the complaint filed in this lawsuit; (iii) defense counsel's declaration in support of the motion to dismiss was dated February 4, 2014, rather than 2015, when the motion was filed; and (iv) defense counsel falsely claimed First Tennessee Bank National Association was a named defendant in plaintiffs' complaint.

4

**DISCUSSION**

I.      Motion to Remand

The Court addresses plaintiffs' motion to remand first because, if granted, the Court

would no longer have jurisdiction over the other motions.

"A motion to remand . . . on the basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the notice of removal under section

1446(a)."  28 U.S.C. § 1447(c).

Plaintiffs do not argue the Court lacks subject matter jurisdiction.  Therefore, even if

failure to file an affidavit of service for the Notice of Removal were a "defect" requiring remand,

plaintiffs' motion is untimely.  The Notice of Removal was filed on January 28, 2015 (Doc. #1),

which gave plaintiffs until February 27, 2015, to move to remand.[4]  Plaintiffs moved to remand

on February 4, 2016, more than eleven months after the deadline.  Even plaintiffs' letter

requesting a pre-motion conference for the motion to remand was dated December 17, 2015,

long after the 30-day period expired.  Therefore, plaintiffs' motion to remand is denied.

II.     Motion for Summary Judgment

As discussed above, plaintiffs' opposition papers vociferously deny bringing any contract

claim against Nationstar, and explicitly state plaintiffs will not submit any opposition to the

motion for summary judgment on the contract claim.  Therefore, on plaintiffs' consent, the Court

grants summary judgment on this claim.  See Rajaravivarma v. Bd. of Trs. for the Conn. State

Univ. Sys., 862 F. Supp. 2d 127, 144-45 (D. Conn. 2012) ("Plaintiff indicated his consent to the

---

[4]      Even if the 30-day period ran from the time plaintiffs were unquestionably aware of the
removal—when they first appeared on February 19, 2015—the motion to remand would be
untimely after March 21, 2015.

entry of summary judgment on his [state law] claims.  The Court therefore grants summary judgment as to Plaintiffs' [state law] claims.").

III.   <u>Motion for Reconsideration</u>

Plaintiffs' opposition papers to the summary judgment motion argue at length the Court's decision on defendants' motion to dismiss was incorrectly decided.  The Court construes this as a motion for reconsideration under Local Civil Rule 6.3.

Local Civil Rule 6.3 requires motions for reconsideration of a court order determining a motion to be filed within fourteen days of the determination.  Plaintiffs did not move for reconsideration until March 7, 2016, over eight months after the motion to dismiss was decided.  Indeed, plaintiffs filed nothing at all after the Court's June 25, 2015, decision until August 4, 2015.  (Doc. ## 25, 26).  Therefore, this motion is denied as untimely.

In any event, the Court has considered plaintiffs' arguments for reconsideration of its June 25, 2015, decision, and finds them wholly without merit.

**CONCLUSION**

Plaintiffs' motion to remand is DENIED.

Nationstar's motion for summary judgment is GRANTED.

Plaintiffs' motion for reconsideration of the June 25, 2015, Memorandum Decision is

DENIED.

The Clerk is directed to terminate the motions (Docs. ##36, 45) and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: March 10, 2016
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

7